# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDDIE LEE THOMPSON,

        Plaintiff,                           Case Number: 05-60208

v.                                           HON. JOHN CORBETT O'MEARA

FRANK G. TURNAGE,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Eddie Lee Thompson (Plaintiff) is a state inmate at the Newberry Correctional Facility in Newberry, Michigan. Plaintiff has filed a *pro se* civil rights complaint, under 42 U.S.C. § 1983, alleging that Defendant Turnage committed malpractice in his representation of Plaintiff in the criminal proceeding leading to Plaintiff's incarceration. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The Court shall dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

In his complaint, Plaintiff states that Defendant Frank G. Turnage represented him in the criminal proceeding in Genesee County Circuit Court, pursuant to which he is now incarcerated. Plaintiff claims that Defendant Turnage committed malpractice in his representation of Plaintiff.

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). "Absent either element, a section 1983 claim will not lie." Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991). Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, Defendant Turnage was not acting under color of state law while representing Plaintiff. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

To the extent that Plaintiff claims that his conviction is invalid because he received ineffective assistance of counsel, he also fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his continued confinement. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). Thus, if Plaintiff wishes to assert a claim that he was deprived of his right to the effective assistance of counsel, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254. The Court declines to construe Plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted, see Parker v. Phillips, 27 Fed. Appx. 491, 494 (6th Cir. 2001). Further, the Court declines to construe the complaint as a habeas corpus petition because Plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

For the foregoing reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

                          s/John Corbett O'Meara
                          John Corbett O'Meara
                          United States District Judge

Dated: September 22, 2005